463 P.2d 980 (1970)
EAST CENTRAL OKLAHOMA ELECTRIC COOPERATIVE, INC., Plaintiff in Error,
v.
PUBLIC SERVICE COMPANY of Oklahoma, a Corporation, Defendant in Error.
No. 42439.
Supreme Court of Oklahoma.
January 6, 1970.
Charles B. Steele, Okmulgee, for plaintiff in error.
Robert L. Lawrence, Everett L. Cunningham, Tulsa, Dwight Tolle, Okemah, for defendant in error.
*981 HODGES, Justice.
This is an appeal from a judgment of the District Court of Okfuskee County. The trial court sitting without a jury entered a judgment in favor of the plaintiff below, Public Service Company of Oklahoma, hereinafter referred to as Public Service, for a permanent injunction enjoining the defendant, East Central Oklahoma Electric Cooperative Inc., hereinafter referred to as East Central, from furnishing electric service to the premises in question. We affirm the judgment of the trial court.
The appeal involves the interpretation of Title 17 O.S. Sections 158.1 and 158.2, which have not been previously construed by this Court.
The problem arises in that two electric service suppliers, maintain that they have the statutory authority under the above referred to sections of the act to furnish electric service to the premises in question. The pertinent sections of the act are as follows:
"No supplier of electric service shall extend or render or offer to extend or render electric service to premises, * * * (b) not receiving such service and to which premises such service is available from the facilities of another supplier of electric service through an extension not more than 500 feet in length from a distribution line * * *." (Section 158.1)
"Nothing contained herein shall preclude any supplier of electric service from extending electric service to its own property or facilities * * *." (Section 158.2)
A chronology of events is imperative to our discussion.
Prior to January 1965, one Fred Watson was the owner of an 80 acre tract of rural land in Ofkuskee County. On January 1, 1965, Watson executed a lease for a term of 12 years with American Oil Co. for service station purposes. This lease covered a one acre area that was a part of his 80 acre tract. The one acre is the area in *982 question in this opinion. On December 2, 1965, Public Service completed and energized an electrical distribution line to one of its customers, a Skelly Oil Co. service station. This came to within less than 500 feet of the one acre tract in question. At that time East Central did not have a distribution line within 500 feet of the one acre but did have a line within 500 feet of the 80 acre tract owned by Fred Watson. Later East Central entered into a letter agreement with Fred Watson for a small parcel of his land upon which to erect an East Central sign for advertising purposes. On December 27, 1965, East Central completed an extension of its electric distribution line to this location, that came within a distance of less than 500 feet from the one acre tract. This was about three weeks after Public Service's line was constructed within 500 feet of the one acre tract. In March 1966, American Oil Co. requested East Central furnish electric service to the one acre tract.
East Central maintains that the word "premises" as used in the act refers to the 80 acre tract owned by Fred Watson and not to the one acre which is under lease to American Oil Co. Public Service asserts that "premises" means "point of service", which would be at a point on the one acre tract. We cannot accept the definition of East Central that premises means all of the premises owned by Fred Watson, for the reason advanced by East Central, that Watson had merely leased the one acre to American Oil Co. and was still the owner of this tract which was part of the 80 acre tract. The area in controversy and the area to which electric service is to be furnished is the one acre tract, not the 80 acre tract owned by Fred Watson. Whether "premises" refers to a point on the one acre tract or the entire one acre is immaterial to our discussion, as both come within the crucial 500 feet distance.
East Central argues that even assuming the word "premises" refers to the one acre tract that the 500 feet restriction does not apply until request is made for electric service. They assert that their line was located within 500 feet of the premises at the time of the request for service. The evidence shows that East Central constructed a line to the location of the advertising sign on December 27, 1965, approximately 3 months prior to the request for service. The case of Blue Ridge Electric Membership Corporation v. Duke Power Co., 258 N.C. 278, 128 S.E.2d 407, a North Carolina case is cited for their position that the 500 feet distance applies at the time service is requested, and not before. The Blue Ridge case involves an interpretation of a contract and not a statute. Although the language used in the contract is similar to the language of our statute there is a major difference. The contract language of the Blue Ridge case contains a provision to the effect that neither party shall furnish electric service to anyone whose premises are capable of being serviced by existing facilities of another whose line is within 300 feet, "at the time of the proposed service". (Emphasis ours). The wording of the contract is applicable to the time when service is requested. Our statute does not contain this directive as to the time of proposed service, but on the contrary plainly states that no supplier shall extend service to premises not receiving such service and to which premises such service is available for the facilities of another supplier of electric service through an extension not more than 500 feet in length from a distribution line.
Public Service had in existence a distribution line that was less than 500 feet from the one acre tract on December 2, 1965, some three weeks prior to the time that East Central's distribution line came to within a distance of not more than 500 feet from the one acre tract. On December 2, 1965, the premises consisting of the one acre tract had been in existence by means of a lease agreement for a period of about 11 months. Subsequent to December 2, 1965, East Central extended its distribution line to furnish electricity to its advertising sign, which was proper under the authority of Section 158.2, even though the *983 line came within a distance of 500 feet or less from the one acre tract. This does not however grant authority under Section 158.1, for East Central to furnish electric service to the one acre tract as we have previously seen. Public service was available to furnish electric service by an extension of its line not more than 500 feet in length prior to the time that East Central qualified to do so. By the terms of the statute East Central is precluded from extending electric service to the one acre tract.
Judgment affirmed.
All Justices concur.